IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-151-D
No. 7:24-CV-328-D

| | |
|---|---|
| MARVARLUS CORTEL SNEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 1, 2024, Marvarlus Cortel Snead ("Snead" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 420-month sentence [D.E. 240]. On April 5, 2024, Snead moved for extension of time to file a memorandum or to supplement his section 2255 motion. See [D.E. 243]. On May 22, 2024, the court granted Snead's motion for extension and instructed Snead to file a memorandum or to supplement his section 2255 motion not later than June 21, 2024. See [D.E. 247]. On June 27, July 8, and August 5, 2024, Snead moved for additional time to file a memorandum or to supplement his section 2255 motion and requested protective custody [D.E. 248, 250, 252]. On August 29, 2024, the government moved to dismiss Snead's petition for failure to state a claim upon which relief can be granted [D.E. 254] and filed a memorandum in support [D.E. 255]. See Fed. R. Civ P. 12(b)(6). On September 26, 2024, Snead moved for additional time to respond to the government's motion to dismiss [D.E. 257]. On October 28, 2024, the court granted Snead's motion for extension in part and extended Snead's time to respond to November 27, 2024. See [D.E. 258]. On November 25, 2024, Snead responded. See [D.E. 259] 13. As explained below, the court grants the government's motion to dismiss and dismisses Snead's motion to vacate.

I.

On December 17, 2020, a jury found Snead guilty of sex trafficking of a minor (count three) and use of the internet to promote an unlawful business enterprise, namely, prostitution, and aiding and abetting (count four). See [D.E. 145, 146]; [D.E. 186] 98–101. On June 21, 2021, the court held Snead's sentencing hearing. See [D.E. 214, 229]. The court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 205]. See [D.E. 229] 3–4; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Snead's total offense level to be 43, his criminal history to be IV, and his advisory guideline range to be life imprisonment. See [D.E. 229] 3–16. After considering all relevant factors under 18 U.S.C. § 3553(a), the court downwardly varied and sentenced Snead to 420 months' imprisonment on count three and 60 months' concurrent imprisonment on count four. See [D.E. 229] 27–39; [D.E. 221, 222]. On June 27, 2021, Snead appealed. See [D.E. 217]. On August 1, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 236, 237].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Snead must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

3

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In his motion, Snead contends that his trial counsel rendered ineffective assistance in (1) pretrial motions practice, (2) the pretrial plea-bargaining process, (3) trial, (4) post-trial motions practice, (5) sentencing, and (6) failing to conduct any meaningful investigation of the law, facts, witnesses, and evidence supporting legitimate defenses. See [D.E. 240] 4. In his motion, Snead merely states these conclusions and fails to support his claims. See id. Snead also contends that his appellate counsel rendered ineffective assistance in (1) briefing issues and failing to raise meritorious issues and (2) not submitting a petition for writ of certiorari. See id. at 5. Again, Snead simply states these conclusions and fails to support these claims. See id. Additionally, Snead claims that his statute of conviction is unconstitutional, but he fails to identify whether he is attacking 18 U.S.C. § 1591(a)(1), § 1591(b)(2), or § 1952(a)(3). See id. at 7.

In response to the government's motion to dismiss, Snead admits that his motion to vacate lacks "facts to support his grounds for relief." [D.E. 259] 3. According to Snead, his motion was a "place-holder motion" until he could file a memorandum of law. Id. In his memorandum of law, Snead concedes that his constitutional challenge to his statutes of conviction lacks merit. See id. at 2–3; cf. [D.E. 240] 7; 18 U.S.C. § 3231. Snead also "narrowed" his ineffective assistance of counsel claims. [D.E. 259] 4. Specifically, Snead contends that his trial counsel rendered ineffective assistance by (1) failing to file a motion to suppress the anticipated testimony of cooperating witness AM as violating 18 U.S.C. § 201(c)(2) based on AM's cooperation plea agreement; and (2) failing to conduct any meaningful investigation of the law, facts, witnesses, and evidence supporting legitimate defenses and thereby enable Snead to resolve the case "through plea negotiations." See id. Section 201(c)(2) prohibits giving anything of value to a person because of the person's testimony. See 18 U.S.C. § 201(c)(2).

The United States did not violate 18 U.S.C. § 201(c)(2) by entering a cooperation plea agreement with AM. See, e.g., United States v. Moore, 651 F.3d 30, 76–78 (D.C. Cir. 2011) (per curiam); United States v. Ihnatenko, 482 F.3d 1097, 1099–1100 (9th Cir. 2007); United States v. Dawson, 425 F.3d 389, 393–95 (7th Cir. 2005); United States v. Brown, 276 F.3d 211, 218 (6th Cir. 2002); United States v. Stitt, 250 F.3d 878, 900 (4th Cir. 2001); United States v. Franky-Ortiz, 230 F.3d 405, 407 (1st Cir. 2000); United States v. Harris, 210 F.3d 165, 166–67 (3d Cir. 2000); United States v. Anty, 203 F.3d 305, 308–12 (4th Cir. 2000); United States v. Richardson, 195 F.3d 192, 196–97 (4th Cir. 1999). Moreover, the jury knew about AM's cooperation plea agreement, and the court instructed the jury to consider it in assessing AM's credibility. See [D.E. 186] 66–67.

5

Case 7:19-cr-00151-D    Document 260    Filed 07/24/25    Page 5 of 6

The Sixth Amendment did not require Snead's counsel to file a baseless motion to suppress. See Knowles v. Mirzayance, 556 U.S. 111, 124–27 (2009). Snead has not plausibly alleged deficient performance, and his claim fails. See id.

Snead also contends that his counsel failed to conduct any meaningful investigation of the law, facts, witnesses, and evidence supporting legitimate defenses and thereby enable Snead to resolve the case through plea negotiations. See [D.E. 259] 3. Snead, however, offers no facts to support this claim. See id.

Stating legal conclusions does not suffice. See Iqbal, 556 U.S. at 677–78; Twombly, 550 U.S. at 555–63, 570; Dyess, 730 F.3d at 359. Furthermore, counsel vigorously defended Snead at trial and performed effectively. See, e.g., Bobby, 558 U.S. at 7–12; Strickland, 466 U.S. at 687–91, 698–700; Blackledge, 431 U.S. at 74 n.4. Thus, the claim fails.

After reviewing the claims presented in Snead's motions, the court finds that reasonable jurists would not find the court's treatment of Snead's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 254], DISMISSES petitioner's motions [D.E. 240, 252], and DENIES a certificate of appealability.

SO ORDERED. This 14 day of July, 2025.

JAMES C. DEVER III
United States District Judge